# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Account Number 5105284292 held at Wells Fargo Bank

Case No. 21-1941

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Eastern** District of **Pennsylvania**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1341 | Mail fraud |
| 18 USC 1343 | Wire fraud |

The application is based on these facts:
See Attached Affidavit

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s Todd C. Reed
*Applicant's signature*

Todd C. Reed
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/4/2022 at 3:12 p.m.

/s/ Lynne A. Sitarski
*Judge's signature*

City and state: Philadelphia, PA

Hon. Lynne A, Sitarski
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. 21-1941 ) |
| Account Number 5105284292 held at Wells Fargo Bank | ) ) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Eastern__ District of __Pennsylvania__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before __January 17, 2022__ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 01/04/2022 3:12 pm                    /s/ Lynne A. Sitarski
                                                            *Judge's signature*

City and state: Philadelphia, PA                            Honorable Lynne A. Sitarski
                                                            *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 21-1941 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br> Date: _____ <br><br>                                                              _____ <br>                                                              *Executing officer's signature* <br><br>                                                             _____ <br>                                                              *Printed name and title* |

## Attachment A

### *Property to be Searched*

Records related to Wells Fargo Bank checking account # 5105284292, retained by Wells Fargo Bank, N.A., headquartered in San Francisco, California, with branch offices located in multiple states, including Pennsylvania, and specifically, in the Eastern District of Pennsylvania.  The search for these records is to be conducted by Wells Fargo Bank employees.

## Attachment B

### *Items to be Seized*

All records pertaining to Wells Fargo Bank checking account # 5105284292, for the period October 1, 2013, through September 30, 2017, which are evidence of Glenn Phillips's conduct in connection with wire fraud, in violation of 18 U.S.C. § 1343, and mail fraud in violation of 18 U.S.C. § 1341, including the following:

1. Account opening documents, including signature card(s)
2. Monthly account statements
3. Copies of all deposit items, including deposit tickets and fronts and backs of checks
4. Copies of all debit items, including checks written on the account
5. Copies of all records showing transfers into and out of this account, including but not limited to wire transfer records showing source and destination of funds

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>ACCOUNT # 5105284292<br>HELD AT WELLS FARGO BANK | :<br>: Mag. No. 21- 1941<br>:<br>: |

### AFFIDAVIT IN SUPPORT OF
### APPLICATION FOR A SEARCH WARRANT

I, Todd C. Reed, being first duly sworn, hereby depose and state as follows:

**I.  Background**

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), and as such I am charged with the duty of investigating criminal violations of the laws of the United States. I am assigned to the FBI's resident agency in Fort Washington, Pennsylvania.

2. I have been employed by the FBI for approximately 22 years. For the first three and a half years, I was a financial analyst and assisted with multiple investigations of complex wire and investment fraud schemes. In 2003, I was appointed to the position of Special Agent. After completing new agent training in Quantico, Virginia, I was assigned to the FBI's field office in New Haven, Connecticut, where I investigated violent crime, gangs, and organized crime. In 2006, I was transferred to the FBI's Philadelphia field office and have been assigned to conduct complex financial crimes investigations ever since. I have received specialized training relating to investigating financial crimes and money laundering, and I have conducted and participated in dozens of investigations into a variety of bank fraud schemes, wire and mail fraud schemes, and securities and investment fraud schemes.

3. I am currently assigned to a joint investigation with the United States Postal Inspection Service into an investment fraud scheme conducted by Glenn W. Phillips ("Phillips") from in or about October 2013 through in or about October 2016, with related fraudulent activity through in or about September 2017. This scheme resulted in Phillips' indictment, *United States v. Glenn W. Phillips,* Cr. No. 21-40, on which trial is scheduled for February 14, 2022, before the Honorable C. Darnell Jones II.

4. This affidavit is submitted in support of an application for a search warrant for records pertaining to a Wells Fargo Bank checking account (account # 5105284292)

(the "subject account"). There is probable cause to believe that the subject account contains evidence of Phillips' offenses as charged in the indictment.

5. I base this affidavit on my personal knowledge, training and experience, and information that I have received as a result of my own participation in this investigation and a review of documents and information furnished to me by other federal, state, and local law enforcement officers during the course of this investigation. I submit this affidavit for the limited purpose of establishing probable cause to search and seize the subject records. Accordingly, this affidavit does not contain all facts known to me regarding this investigation.

## II. Probable Cause

### *The indictment*

6. On February 17, 2021, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Phillips with two counts of wire fraud, in violation of 18 U.S.C. §1343, and four counts of mail fraud, in violation of 18 U.S.C. § 1341, all arising from Phillips's fraudulent investment scheme from in or about October 2013 through in or about October 2016, and a related fraudulent scheme from in or about October 2013 through in or about September 2017. *United States v. Glenn W. Phillips,* Cr. No. 21-40.

### *Phillips's investment scheme*

7. As charged in the indictment, Phillips approached individual pastors of churches of Denomination #1, seeking access or introductions to their members. Phillips told these pastors that he was interested in making a large donation to their churches. Phillips explained (then, or in a subsequent meeting) that he had developed language translation software but needed to raise funds to market his software overseas. Phillips explained that if the pastor's church members would lend him the money, he would repay it with interest, and would also make a large contribution to their church, e.g., for the church's building fund, when he sold his software.

8. Phillips then met with interested church members individually, in their homes or at restaurants. Phillips explained to the church members that he needed to raise money, generally telling them that he needed to raise approximately $200,000 or $250,000 to market his language software overseas. Phillips told church members that he would make a large donation to their church, e.g., $1 million dollars or some other large amount, e.g., for the church's building fund, when he sold the software.

9. When church members agreed to lend money, Phillips gave the church members Promissory Notes for one-year or two-year loans, at 10% interest. In total,

2

Phillips obtained at least approximately $315,000 from approximately 26 church members.

10. The funds loaned by church members were distributed to Phillips's company, Global Apps Corporation, via check and/or wire transfer. Phillips deposited, or caused to be deposited, the church members' funds into Bank of America account ending 5405 in the name Global Apps Corporation, and, in at least one instance, into Bank of America account ending 1036 in the name GlobalDLP.COM.DE. Inc.

11. Phillips then used some of the church members' funds to repay a professor in Virginia, from whom Phillips had solicited a loan purportedly to help launch his software business.

12. Phillips also used some of the church members' funds to pay for hotel and restaurant charges, retail purchases, gas charges, and other living expenses.

13. Phillips also used some of the church members' funds to make large cash withdrawals.

14. Phillips also transferred (directly, or in a series of transfers) some of the church members' funds into other accounts on which Phillips had sole signature authority, including First National Bank of Alta Vista account ending 0920 in the name GAppsCor Development LLC., and First Citizens Bank accounts ending 0345 and 4015 in the name of DLP Global LLC.

15. When Phillips transferred investor funds from one account to another account, he then used the newly transferred funds for cash withdrawals, purchases of daily living expenses, and/or transfers to other accounts, until he had essentially depleted all of the church member funds.

16. From my training and experience and the training and experience of others involved in this investigation, I know that people who run investment frauds will move money between many accounts and will pay for all manner of expenses from those accounts.

17. In tracing the disposition of the investors' money through Phillips' various bank accounts, investigators did not find the kind of expenditures of the investors' money that would be consistent with attempting to market translation software overseas, such as evidence of expenditures for marketing, advertising, or solicitations; for salaries for sales persons; or airline tickets for overseas travel such as was proposed by Phillips in his investment "pitch."

18. Instead, the bank records reviewed to date show that Phillips spent the investors' money on restaurant charges, hotels, and gas, principally in Pennsylvania and Virginia, as well as retail purchases and other living expenses, as set forth above.

19. The bank records also show that in or about September 2014, approximately $20,100 of investor proceeds were wired to AMP JRP SPP VA Realty LLC. Investigators believe that this company name is composed of Phillips's children's initials "AMP," "JRP," and "SPP". According to information obtained from a commercially available online database, Phillips is the registered agent of "AMP/JRP/SPP VA Realty LLC", located at [redacted] Warfield Road, Suite G, PO Box 4498, Lynchburg, Virginia 24502-4498.[1]

20. During the investigation, Phillips was served with federal grand jury subpoenas for records related to his numerous businesses. These subpoenas required the production of financial records, including disbursement records. Phillips produced no business records in response to the grand jury subpoenas.

*Phillips's letters to investors assuring them that the "Loan/Corporate Note" that they had executed was "in full force and effect" and their investment funds were continuing to earn 10% APR interest, with "annual compounding of interest"*

21. When an individual church member's loan was about to reach its maturity date, and therefore Phillips was required by the terms of the loan agreement to repay the loan amount and interest to the individual church member, instead Phillips generally presented the church member with a document extending the maturity date. When the new extended maturity date was approaching, Phillips sometimes presented the church member with another document extending the maturity date yet again, and in some instances, Phillips presented some church members with a document extending the maturity date yet a third time.

22. Eventually, in or about March 2016, Phillips mailed church members a one-page letter dated March 28, 2016, in which he advised them of a delay but promised to repay their loans on September 30, 2016. In the letter, Phillips also told the church members that their "Loan/Corporate Note, is in full force and effect, earning 10% APR interest, with annual compounding of interest." He falsely assured the church members that their funds were "continuing to earn interest on the outstanding principle, with annual compounding." To the contrary, bank records show that Phillips had withdrawn

---

[1] In July 2021, investigators interviewed Phillips's son, A.P., who told them he and his siblings bought the house at [redacted] Warfield Road, where his parents live, rent-free. This is the address at which federal agents arrested Phillips.

most of their investment funds as cash and/or spent their investment funds on personal purchases.

*Phillips's solicitation for an Initial Public Offering ("IPO") of stock*

23.     K.W.H. was a member of Church #1 who had loaned Phillips money in 2014 in response to Phillips's request for funds so that he could market his software overseas.

24.     In or about March 2015, Phillips solicited K.W.H. to help Phillips fund a "fast track" Initial Public Offering ("IPO") of stock for Phillips's company.

25.     K.W.H. agreed to lend Phillips $5,000 for two years at 20% interest. On or about March 19, 2015, K.W.H. gave Phillips a check for $5,000 payable to GlobalDLP.com.DE.

26.     On or about March 20, 2015, a $5,000 credit was posted to Bank of America account ending 1036 in the name of GlobalDLP.COM.DE Inc.  Prior to this credit, the balance in Bank of America account ending 1036 was less than approximately $400.

27.     On or about March 20, 2015, a $4,000 cash withdrawal was posted from Bank of America account ending 1036 in the name of GlobalDLP.COM.DE Inc. On or about March 20, 2015, and for days thereafter, numerous Point of Sale charges for food, lodging, and living expenses were posted to Bank of America account ending 1036 in the name of GlobalDLP.COM.DE Inc.

28.     In or about May 2017, K.W.H. received a letter from Phillips postmarked on or about May 13, 2017.  In the letter, Phillips stated that he was "Reconfirming original Principal of your March 19, 2015 Lgoan to GlobalDLP.com.CA, Inc. of USD $5,000, at an APR rate of 20%, with annual compounding, makes the compounded Interest Earned a total of $2,200.00, on the 'initial' maturity date of March 18, 2017, per note yield, and a total due of USD $7,200.00."  Phillips stated that "Solely for the benefit of GlobalDLP.com.CA, Inc. and its mandatory reporting of payments for Earned Interest, and having been Paid, your distribution will be deferred to July 18, 2017, or sooner." (Emphasis in original.)  Phillips stated that "Until the 'actual/final/ distribution, your Principal, of $7,200.00 as of the 'initial' maturity date, will 'again' continue to accrue Interest on Unpaid Principal balance at the APR of 20%."  (Emphasis in original.)

29.     In or about July 2017, K.W.H. received a letter from Phillips postmarked on or about July 10, 2017.  In the letter, Phillips once again confirmed the debt.  Phillips also once again stated, "Solely for the benefit of GlobalDLP.com.CA, Inc. and its mandatory reporting of payments for Earned Interest, and having been Paid, your

5

distribution will be deferred to September 18, 2017, or sooner." (Emphasis in original.) Phillips once again confirmed "Until the 'actual/final/ distribution, your Principal, of $7,200.00 as of the 'initial' maturity date, will 'again' continue to accrue Interest on Unpaid Principal balance at the APR of 20%." (Emphasis in original.)

30. In or about September 2017, K.W.H. received a letter from Phillips postmarked on or about September 18, 2017. Phillips once again confirmed the debt. Phillips also once again stated, "Solely for the benefit of GlobalDLP.com.CA, Inc. and its mandatory reporting of payments for Earned Interest, and having been Paid, your distribution will be deferred to January 18, 2018, or sooner." (Emphasis in original.)

31. Phillips never repaid K.W.H.

*Phillips' account at Wells Fargo Bank*

32. While in custody following his arrest on the charges in the indictment, Phillips volunteered to agents that he has a brain tumor and receives Social Security (disability payments). Thereafter, the government contacted the Social Security Administration, which confirmed that Phillips receives Social Security Disability payments for "benign neoplasm of brain and other parts of nervous system and diabetes mellitus," and has received such payments since 1993.

33. Recently, an investigator at the Office of Inspector General of the Social Security Administration again confirmed that Phillips has received a regular disability payment that started in 2013 and has continued through to the present. The investigator further advised that those payments were directly deposited into a checking account at Wells Fargo Bank. The checking account is account number # 5105284292, the subject account. Investigators had heretofore been unaware of the account.

34. As set forth above, investigators traced the disposition of the investors' funds from bank account to bank account; however, they did not see any evidence of the investor proceeds being transferred to the subject account; thus, they were not aware of the existence of the subject account until recently. But as also set forth above, investigators are aware that Phillips withdrew large sums of cash from the accounts that they have analyzed, and investigators are unaware of the disposition of this cash.

35. Based on the foregoing, there is probable cause to believe that the subject account will contain evidence of Phillips's financial condition and the disposition of money under his control, as well as evidence of how Phillips did not spend his money – e.g., there will be no large expenditures for software or hardware, or marketing, or overseas travel. That is, records showing how Phillips spent money under his control is evidence of how he did not spend any money for the purposes for which he claimed he was raising that money. Additionally, based on the foregoing, there is probable cause to

believe that the records will show that Phillips did not use his funds to repay his investors. Phillips' financial condition as reflected in the amount of funds in the subject account would demonstrate either that he had retained funds that he was not paying to investors, or that he had spent all of the funds in his various accounts, including the subject account, and was therefore unable to repay investors due to his personal spending.

### III. Conclusion

36. Based on the information set forth above, there is probable cause to believe that evidence of Phillips's violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud), described in Attachment B, will be obtained in a search of records from October 1, 2013, through September 30, 2017, of the subject account, Wells Fargo Account # 5105284292.

37. I request that the Court issue a search warrant authorizing the FBI and/or the USPIS to serve a search warrant upon Wells Fargo Bank for records from October 1, 2013, through September 30, 2017, of the subject account, Wells Fargo Bank checking account # 5105284292.

38. The government will execute this warrant by serving the warrant on Wells Fargo Bank. Because the warrant will be served at a local Wells Fargo Bank branch in the Eastern District of Pennsylvania, agents will serve this warrant between 8 a.m. and 6 p.m. Wells Fargo Bank's records custodians can then conduct their own internal searches for these records.

/s/ *Todd C. Reed*
Todd C. Reed
Special Agent, Federal Bureau of Investigation


/s/ Lynne A. Sitarski
HONORABLE LYNNE A. SITARSKI
United States Magistrate Judge
Eastern District of Pennsylvania

7